UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS BRADY RICHARDSON, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-0304 |
| ) | Judge Bryant |
| U.S. MARSHAL'S SERVICE, ET AL., ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

### REPORT and RECOMMENDATION

For the reasons stated below, the undersigned **RECOMMENDS** that this action be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a resident of Dickson, Tennessee. He brings this action against the Dickson County Sheriff's Department and the U.S. Marshal's Service. Although the plaintiff does not say so specifically, the undersigned construes the complaint to have been brought under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The thrust of the plaintiff's complaint is that the U.S. Marshal's Service mistakenly arrested him on October 22, 2006 and that the Dickson County Sheriff's Department negligently contributed to his arrest. The plaintiff seeks money damages and injunctive relief, alleging that the defendants violated his rights under the Fourth Amendment.

This action was referred to the undersigned on March 19, 2007 to conduct a frivolity review under 28 U.S.C. § 1915(e)(2), for case management, for decisions on all pretrial, nondispositive

motions, to enter a Report and Recommendation (R&R) on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct additional proceedings as required under Rule 72(b), Fed. R. Civ. P.

## II. ANALYSIS

To state a claim under § 1983 against state actors, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). The Dickson County Sheriff's Department is a state entity and, as such, any claim against it would arise under § 1983.

To state a viable claim against federal actors, the plaintiff must allege and show that he was deprived of a right secured by the federal Constitution or laws of the United States by a person acting under color of Federal law. *Bivens*, 403 U.S. at 390-97; *Yeager v. Gen. Motors Corp.*, 265 F.3d 389, 398 (6th Cir.2001), *cert. denied*, 535 U.S. 928 (2002). Analysis under *Bivens* is identical to that under § 1983, *supra* at p. 2, the only difference being that *Bivens* pertains to federal actors. *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001)(collecting cases in support of the proposition). The U.S. Marshal's Service is a federal entity. Therefore, any claim that the plaintiff might have against it would arise under *Bivens*.

Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), under 28 U.S.C. § 1915(e)(2), the courts are required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court

2

determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

With respect to the plaintiff's claims against the Dickson County Sheriff's Department, "persons" exposed to legal liability under § 1983 include municipal corporations and other "bodies politic and corporate." *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997), *cert. denied*, 522 U.S. 914 (1997)(citing *Monell v. Department of Social Services*, 436 U.S. 658, 688 (1978) and *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)(*per curiam*)). The Dickson County Sheriff's Department is not a body politic and, as such, it is not a person within the meaning of § 1983. *See Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir. 2007)(a sheriff's office is not a legal entity that can be sued under § 1983); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983); *Timberlake by Timberlake v. Benton*, 786 F.Supp. 676, 682-83 (M.D. Tenn. 1992). Therefore, the plaintiff fails to satisfy the second part of the two-part test under *Parratt*, *supra* at p. 2.

In addition to the foregoing, the law is well established that a successful § 1983 claimant must establish that the defendant acted knowingly or intentionally to violate his or her constitutional rights; mere negligence, recklessness, or mistakes are insufficient. *Daniels*, 474 U.S. at 333-36; *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999); *Howard v. Grinage*, 6 F.3d 410, 415 (6th Cir. 1993). The plaintiff does not allege, nor can it be liberally construed from the complaint, that he was

3

arrested with the intent to violate his rights. On the contrary, the statement of the claim shows that the plaintiff was arrested by mistake. Consequently, the plaintiff also fails to satisfy the first part of the two-part test under *Parratt*, *supra* at p. 2.

For the reasons explained above, the plaintiff's claim against the Dickson County Sheriff's Department lacks an arguable basis in law or fact. Therefore, this claim should be dismissed as frivolous.

As previously noted, *supra* at p. 2, constitutional claims against federal entities are analyzed under *Bivens* in the same way they are against state actors under § 1983. Therefore, for the same reasons that the Dickson County Sheriff's Department is not a person for purposes of § 1983, the U.S. Marshal's Service is not a person for purposes of a *Bivens*. Moreover, that the U.S. Marshal's Service arrested the plaintiff by mistake removes the element of intent required under *Bivens* just as it does under § 1983 for the Dickson County Sheriff's Department. For these reasons, the plaintiff once again fails satisfy either part of the two-part test under *Parratt*, *supra* at p. 2.

As reasoned above, the plaintiff's claims against the U.S. Marshal's Service lack an arguable basis in law or fact. Accordingly, this claim also should be dismissed as frivolous.

### III. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that this action be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this R&R within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this R&R within which to file a response to said

4

objections. Failure to file specific objections within ten (10) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 24th day of April, 2007.

                                          s/ John S. Bryant
                                          John S. Bryant
                                          Magistrate Judge